April Upchurch Fredrickson, OSB #132027
april.fredrickson@jacksonlewis.com
Daniel J. Moses, OSB #151935
daniel.moses@jacksonlewis.com
Jackson Lewis, P.C.
200 SW Market Street, Suite 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
        Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEITH VALLEY, an individual,<br><br>    Plaintiff,<br><br>       vs.<br><br><br>INTERNATIONAL BUSINESS MACHINE CORPORATION (dba IBM, INC.), a New York Corporation; SETERUS, INC., (fka KYANITE FINANCIAL BUSINESS SERVICES, INC.), a Delaware Corporation, and AMANDA LOWE, an individual,<br><br>    Defendants. | Case No.:  3:17-CV-01413-AC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND** |

## I.    INTRODUCTION

Plaintiff Keith Valley ("Valley") joined Amanda Lowe as an individual defendant in this litigation to defeat diversity jurisdiction.  Ms. Lowe, the Vice President of Operational Controls, did not supervise, manage, or have any authority over Plaintiff.  Ms. Lowe was simply present in the Beaverton office where Plaintiff worked.  Plaintiff's actual manager, Shannon Stock, resides in North Carolina and, importantly, is not individually named in this lawsuit.[1]  The failure to name Ms. Stock and the complete absence of facts to support Plaintiff's aiding and abetting claim is telling and demonstrates that Ms. Lowe was fraudulently joined for strategic reasons.

Further, even if the Court concluded that Ms. Lowe was properly joined, this Court has federal question jurisdiction over all claims based on the improper deduction of federal income taxes (Plaintiff's first, second, and fourth claims for relief) based on the well pled complaint rule and/or complete preemption.  Therefore, Plaintiff's Motion to Remand and request for attorney's fees should be denied.

## II.    STATEMENT OF FACTS

Defendant Seterus, Inc.[2] is a fully integrated mortgage loan servicing company with its principal place of business in Ohio.  *See Declaration of Amanda Lowe in Support of Defendants' Opposition to Plaintiff's Motion to Remand ("Lowe Decl.")* at ¶ 4.  As a mortgage loan services center, Seterus facilitates the day-to-day tasks necessary to service mortgage loans held by various financial institutions.  For example, some of the services performed by Seterus include:  collecting

---

[1]  Plaintiff used the incorrect caption on its Motion for Remand.  As demonstrated by the Complaint, Plaintiff did not individually name Shannon Stock or Michael Perry.

[2]  Seterus, Inc. is wholly owned by Defendant International Business Machine Corporation ("IBM").

mortgage payments from borrowers, calculating and applying interest for variable rate loans, and paying taxes and insurance from borrower escrow accounts. *Id.* at ¶ 5. Seterus also works with homeowners suffering financial hardship to identify assistance options (such as loan modification) and will manage loans during a foreclosure or bankruptcy. Seterus services loans in all 50 states. *Id.*

Seterus operates a loan servicing center in Beaverton, Oregon. *Id.* at ¶ 4. On or about October 24, 2015, Plaintiff was assigned to work at the Beaverton location as a Bankruptcy Asset Specialist. *See Declaration of Sheri Terbenche in Support of Defendants' Opposition to Plaintiff's Motion to Remand ("Terbenche Decl.")* at ¶ 4. Plaintiff was originally hired as a contractor and was employed by a third party, Manpower. *Id.* As a contract employee in the bankruptcy department, Plaintiff reported to the bankruptcy team leads – Maggie Parrish and Megan Snyder. *Terbenche Decl.* at ¶ 5; *Lowe Decl.* at ¶ 6. Ms. Parrish and Ms. Snyder, in turn, reported up to Ms. Stock, Assistant Vice President of Bankruptcy. *Lowe Decl.* at ¶ 6. Ms. Stock reported up to Michael Perry, Vice President of Default Management. *Id.*

IBM hired Plaintiff in October 2016 as part of its Long Term Supplemental ("LTS") program. *Terbenche Decl.* at ¶ 5, Ex. 1. Plaintiff kept the same job (Bankruptcy Asset Specialist), and performed the same job duties, but was employed directly by IBM and eligible for certain IBM benefits. *Id.* LTS employees are hired to supplement IBM's regular workforce based on business needs. As explained to Plaintiff in his offer letter, LTS assignments may not exceed 36 months. *Terbenche Decl.* at ¶ 5, Ex. 1.

As an LTS employee, Plaintiff earned approximately $3,500 semi-monthly or the equivalent of $20.20 per hour. *Id.* at ¶ 6. In addition, Plaintiff was a non-exempt employee and

was eligible for overtime.  Plaintiff's official date of hire as an LTS employee was October 24, 2016.  Plaintiff received his first full IBM check on November 15, 2016, pursuant to IBM's semi-monthly payroll schedule.  *Id.* at ¶¶ 7-8.

Sometime on or after November 15, 2016, Plaintiff approached Ms. Lowe regarding an alleged error in his pay.  *Lowe Decl.* at ¶ 9.  Ms. Lowe is the Assistant Vice President of Operational Controls.  *Id.* at ¶ 3.  Ms. Lowe did not supervise, manage, or have any authority over Plaintiff and was in a separate business group.  *Id.* at ¶ 7.  Ms. Lowe, however, did physically sit in the Beaverton office and would occasionally field complaints from Beaverton employees.  *Id.* at ¶ 8.  Specifically, Plaintiff complained that IBM withheld too much in federal income tax based on his W-4.  *Terbenche Decl.* at ¶ 9, Ex. 4.

Ms. Lowe notified Ms. Stock (Plaintiff's Manager) and Mike Mason (the HR Partner for IBM/Seterus) of Plaintiff's concern regarding his pay.  *Lowe Decl.* at ¶ 9.   Mr. Mason further escalated Plaintiff's concern to Sheri Terbenche, HR Managing Director for Seterus.  *Terbenche Decl.* at ¶ 9.  As reflected by the email communication between Plaintiff and Ms. Terbenche, Ms. Terbenche contacted payroll to get the matter resolved.  *Id.* at ¶ 10.

Although Plaintiff completed a W-4 with "2" allowances, his first payroll check defaulted to "0" allowances resulting in greater income tax withheld.  *Id.* at ¶¶ 9-10.  In light of the error, IBM reduced the amount of federal income taxes withheld from Plaintiff's next payroll check. [3]

---

[3] As reflected by Plaintiff's Pay and Contributions Statement during the relevant time period, Plaintiff's November 15, 2016, payroll check was in the gross amount of $1,750.00 and his federal income tax withholdings were $237.86. Plaintiff's November 30, 2016, payroll check was also in the gross amount of $1,750.00, but his federal income tax withholdings were only $55.36. Plaintiff's December 15, 2016, payroll check reflected accurate federal income tax withholdings for Plaintiff.  His federal income taxes were $127.79. *Terbenche Decl.* at ¶ 8, Ex. 2-3.

**Jackson Lewis P.C.**
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

Thereafter, Plaintiff's federal income taxes were withheld based on the information provided in his W-4. *Id.*

Ms. Lowe played no role in the payroll error affecting Plaintiff's November 15, 2016, payroll check. *Lowe Decl.* at ¶ 10. Ms. Lowe does not work in payroll and was not responsible for Plaintiff's onboarding tasks. Ms. Lowe is simply a manager, who was physically present in the Beaverton office when Plaintiff complained. Ms. Lowe's only act in relation to the payroll error identified by Plaintiff was to relay Plaintiff's concern to his actual manager and to human resources. *Id.* at ¶¶ 7 - 10. Thereafter, human resources worked with Plaintiff in an effort to resolve the matter. *Terbenche Decl.* at ¶¶ 9-11.

Plaintiff continued to work at the Beaverton office until May 2017. *Terbenche Decl.* at ¶ 12. On or about May 12, 2017, IBM released 26 of the 32 LTS and/or contract employees working at Seterus including Plaintiff. *Id.* IBM chose to temporarily retain six LTS employees based on business need. Ms. Lowe did not participate in IBM's decision to release LTS employees nor did she provide input regarding Plaintiff or Plaintiff's employment. In fact, Ms. Lowe had no authority over Plaintiff given that he was in a completely separate business group. *Lowe Decl.* at ¶ 12.

## III.    LEGAL ARGUMENT

### A.    Standard of Review in Motion for Remand

A civil action may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case. 28 USC § 1441(a). Subject matter may be based on either federal question jurisdiction or diversity jurisdiction. 28 USC §§ 1331, 1332. Diversity jurisdiction exists when the amount in controversy exceeds

$75,000 and there is complete diversity among all plaintiffs and defendants.   28 USC §1332(a)(1).

When a non-diverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction, that defendant's presence may be ignored. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir 2002); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir 2001). A non-diverse defendant is deemed fraudulently joined "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067.

When a party asserts fraudulent joinder, a court may consider the plaintiff's pleadings and may also conduct a "summary inquiry" that goes beyond the pleadings.  *Allen v. Boeing Co.,* 784 F.3d 625, 634 (9th Cir. 2015).  Such an inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id. quoting Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

### B.      Plaintiff Cannot Establish An Aiding and Abetting Claim for a Wage and Hour Violation

Here, Plaintiff alleges that Defendants committed various wage and hour violations under ORS 652 and 653 when IBM miscalculated Plaintiff's federal income tax withholding.  Moreover, Plaintiff alleges that Ms. Lowe is as an aider and abettor under ORS 659A.030(1)(g) because her alleged lack of leadership "allowed the wage and hour abuses to continue."  Specifically, Plaintiff alleges the following:

> Defendant Lowe, and Assistant Vice President, holds a management role and was aware of the issue with payroll miscalculations. Defendant Lowe did not address the issues raised

**Jackson Lewis P.C.**
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

by Plaintiff. A lack of response and leadership on the part of Ms. Lowe allowed the wage and hour abuses to continue.

The allegations against Ms. Lowe do not state a viable aiding and abetting claim under Oregon law and that failure is obvious based on the plain language of ORS 659A.030(1)(g) and the Court's decision in *Grosz v. Farmer's Ins Exch.,* 2010 U.S. Dist. LEXIS 137748 (D. Or. Nov. 9, 2010) *adopted by, Motion granted by, in part, Motion denied by, in part, Grosz v. Farmers Ins. Exch.,* 2011 U.S. Dist. LEXIS 13453 (D. Or. Feb. 10, 2011).

ORS 659A.030(1)(g) extends liability to any person who aids or abets a violation of ORS Chapter 659A.  Specifically, the statute provides, "It is an unlawful employment practices: . . . (g) For any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden *under this chapter* or to attempt to do so. *See* ORS 659A.030(1) (emphasis added).

In *Grosz v. Farmer's Ins Exch.,* 2010 U.S. Dist. LEXIS 137748 (D. Or. Nov. 9, 2010) *adopted by, Motion granted by, in part, Motion denied by, in part, Grosz v. Farmers Ins. Exch.,* 2011 U.S. Dist. LEXIS 13453 (D. Or. Feb. 10, 2011), the Court held that Oregon's aiding and abetting statute does not apply to wage claims under ORS 652 or ORS 653, but only to claims under ORS 659A.  *See also White v. Amedisys Holding, LLC,* 2012 U.S. Dist. LEXIS 185837 (D. Or. 2012) (noting that aiding and abetting statute only applies to certain unlawful employment practices in ORS 659A and rejecting plaintiff's attempt to hold supervisor liable for aiding and abetting Medicare fraud).  Thus, Plaintiff cannot, as a matter of law, assert that Ms. Lowe aided or abetted the first claim for relief (unlawful deduction under ORS 652.610(3)), the second claim for relief (timely payment of wages under ORS 652.120), or the fourth claim for relief (breach of

contract). For this reason, Plaintiff has failed to state a cause of action against Ms. Lowe, Ms.

Lowe was fraudulently joined, and removal to federal court was appropriate.

### C.    Plaintiff Cannot Sustain an Aiding and Abetting Claim against Ms. Lowe for a Violation of ORS 659A.199

Plaintiff has also failed to state an aiding and abetting claim against Ms. Lowe for any

violation of ORS Chapter 659A.  Plaintiff pleads only one claim under ORS Chapter 659A—a

claim for whistleblower discrimination under ORS 659A.199.  ORS 659A.199 prohibits an

employer from discharging, demoting, suspending, or in any manner discriminating or retaliating

against an employee with regard to promotion, compensation, or other terms, conditions or

privileges of employment because the employee reported a violation of a state or federal law, rule,

or regulation. *See* ORS 659A.199.  Further, to establish a claim under ORS 659A.199, Plaintiff

must show he "(1) engaged in a protected activity; (2) suffered an adverse employment decision;

and (3) there was a causal link between the protected activity and the adverse employment

decision." *Larmanger v. Kaiser Foundation Health Plan of the Northwest*, 895 F Supp. 2d. 1033,

1049 (D. Or. 2012).  Thus, at a minimum, Plaintiff must identify some adverse action that was

connected to his wage and hour complaint and must further identify some act on Ms. Lowe's part

in furtherance of the adverse action and/or that is otherwise sufficient to constitute unlawful aiding

and abetting.

Recently, in *Hernandez v. FedEx Freight, Inc.,* 2017 U.S. Dist. LEXIS 115404 (D. Or.

June 12, 2017), Judge Sullivan applied general principles of tort law to identify the minimum

pleading requirements for an aiding and abetting claim under ORS 659A.030(1)(g).  Specifically,

Judge Sullivan noted that to establish liability for aiding an intentional tort, a plaintiff must

establish that the party intended a tort to be committed, or understood that a tort would be committed, when he aided the tortfeasor.[4]  Implicit in Judge Sullivan's analysis is that the alleged aider and abettor actually took some act in furtherance of the tort.  Judge Sullivan then went on to hold that ORS 659A.030(1)(g) requires *at a minimum* that the aiding party intended that the complainant be discriminated or retaliated against, or understand that he was aiding in acts of discrimination or retaliation." *Id.*

In light of the minimum standard necessary to establish an aiding and abetting claim under ORS 659A.030(1)(g), the claim asserted against Ms. Lowe is not "plausible" on its face and not possible under Oregon law.  Here, there are *no* facts in the Complaint (and *no* evidence in the record) remotely suggesting that Ms. Lowe took any action to aid, abet, incite, or coerce an adverse employment action towards Plaintiff.  Further, the only allegation in the Complaint pertaining to Ms. Lowe that relates to Plaintiff's ORS 659A.199 claim is a "formulaic recitation of the elements of the cause of action" and should be disregarded by the Court in evaluating whether Ms. Lowe was fraudulently joined.[5] *See Complaint* at ¶ 13. ("Amanda Lowe aided, abetted, incited,

---

[4]  *See Hernandez,* 2017 U.S. Dist. LEXIS 115404, *8-9 *citing Ballard v. Albany*, 221 Or. App. 630, 641, 191 P.3d 679 (2008) ("It is possible to be held liable for battery under an 'aiding and assisting' theory, if a defendant participated in, aided or procured the battery, and acted with the requisite mental state of intending to cause harmful or offensive contact, or understanding that a tort will be committed by the other when he aids him."); *Gymnastics USA v. McDougal,* 92 Or. App. 453, 458, 758 P.2d 881 (1988) ("[A] person 'aiding' or 'assisting' must at least understand that a tort is being or will be committed by the other when he aids him."); *Doe ex rel. Christina H. v. Medford Sch. Dist. 549C,* No. 10-3113-CL, 2011 U.S. Dist. LEXIS 28213, 2011 WL 1002166, at *7 (D. Or. Feb. 22, 2011), *report and recommendation adopted,* No. CIV. 10-3113-CL, 2011 U.S. Dist. LEXIS 28281, 2011 WL 976463 (D. Or. Mar. 18, 2011) ("An individual defendant may be held liable for the intentional torts of another under an 'aiding and assisting' theory if the defendant participated in, aided, or procured the tort. The defendant must also have acted with the requisite mental state, that is, the defendant must either intend that the tort be committed, or at least understand that a tort is being or will be committed by the other when defendant aids him." (citations omitted)).

[5] The pleading standard *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) applies to a motion to remand. *See Allen v. Monsanto Company,* 2009 WL 426546 (N.D. Fla. 2009); *Tippen v. Republic Fire and Casualty Ins. Co.,* 2007 WL 4219352 (E.D. La. 2007)(merging the fraudulent joinder and 12(b)(6) analyses); *Positive Results Mktg. v. Buffalo-Lake Erie Wireless Sys. Co.,* 2008 U.S. Dist. LEXIS 39924 (M.D.

**Jackson Lewis P.C.**
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

compelled and/or coerced the illegal wage theft and retaliation for his good faith reports of conduct he believed to be illegal.").

Plaintiff does not specify an act of retaliation or discrimination connected to his payroll complaint nor does he describe Ms. Lowe's involvement in said act. Moreover, the only potential act of retaliation or discrimination identified in the Complaint is the termination of his employment in May 2017. The undisputed facts in the record establish that Ms. Lowe was not involved in Plaintiff's termination. Plaintiff was released along with 25 other LTS employees. Ms. Lowe played no role in the decision to release Plaintiff or the other LTS employees nor did Lowe provide input regarding Plaintiff's release.

In fact, Plaintiff's entire theory for naming Ms. Lowe as a defendant boils down to one thing — Ms. Lowe is a manager, not Plaintiff's manager, just a manager in general who happens to work in the same building as Plaintiff. Ms. Lowe's status as a manager for Seterus is simply insufficient to sustain an aiding and abetting claim. Instead, Plaintiff must allege facts or present evidence to establish that a claim against a non-diverse defendant is plausible on its face based on the facts in the Complaint or the evidence in the record. Plaintiff must do more than speculate that a claim is possible.

---

Pa. 2008); *Bush v. Nationwide Mut. Fire Ins. Co.,* 2008 U.S. Dist. LEXIS 61039 (S.D. Miss. 2008). Thus, to establish the possibility of a claim against Ms. Lowe, Plaintiff must plead "enough facts to state a claim to a relief that is plausible on its face." *Twombly*, 550 U.S. at 555-556. A pleading that contains (1) labels and conclusions; (2) a formulaic recitation of the elements of the cause of action; or (3) "naked assertions" lacking further factual enhancement will not meet this standard. Further, while the Court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Iqbal*, 556 U.S. at 678.

In *Demont v. Starbucks Corp.,*[6] Judge Stewart found that three individual defendants were fraudulently joined based on the allegations of the amended complaint.[7]  Further, Judge Stewart noted that allowing the prosecution of claims against employees under ORS 659A.030(1)(g) without sufficient factual basis may unnecessarily subject employees to the stress and expense of an unwarranted lawsuit. *Demont,* 2010 U.S. Dist. LEXIS 136929 at *12-13.  Although Judge Stewart acknowledged that *Demont* may sue individual employees under ORS 659A.030(1)(g), Judge Stewart reviewed the factual allegations of the complaint to determine whether plaintiffs had actually stated a claim against each individual defendant.  Notably, Judge Stewart concluded that two of the individual defendants were fraudulently joined based on the facts in the Complaint. *Id.* at *17-20.  Like here, the plaintiffs in *Demont* failed to allege that the individual defendants were actually involved in any discriminatory conduct. The Court further rejected Demont's assertion that employees have an independent duty to report unfair employment practices to management or face liability for aiding and abetting. *Id* at *19-20.

Judge Stewart also concluded that a third defendant, Cochell, was also fraudulently joined. Cochell was the Human Resource Director who provided Demont with information regarding his employment when he requested it.  *Id.* at *20-21.  There were no other factual allegations in the complaint or otherwise to suggest that Cochell was involved in any discriminatory conduct.  Judge

---

[6] *Demont v. Starbucks Corp.,* 2010 U.S. Dist. LEXIS 136929, 2010 WL 5173314 (D. Or. August 26, 2010) *adopted by, in part, Remanded by, Rejected by, in part, Costs and fees proceeding at, Request granted Demont v. Starbucks Corp.,* 2010 U.S. Dist. LEXIS 132987 (D. Or. Dec. 15, 2010)

[7]  There were five individual defendants in *Demont v. Starbucks*.  Although the Court found that three were fraudulently joined for purposes of the aiding and abetting claim, the Court ultimately remanded the case because there were sufficient factual allegations asserted against the remaining two defendants to show a "possibility" that the two remaining defendants could be found liable on some of the claims asserted in the Complaint.  *Demont,* 2010 U.S. Dist. LEXIS 136929 at *21-22.

**Jackson Lewis P.C.**
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

Stewart noted that such conduct, "by any stretch of the imagination," does not rise to the level of aiding and abetting unlawful discrimination and, therefore, concluded that Cochell was fraudulently joined. *Id* at *20-21.

The facts in this case are similar to those in *Demont*. Ms. Lowe was not involved in the decision to terminate Plaintiff's employment. Further, Ms. Lowe cannot be held liable for aiding and abetting wage and hour practices as noted above pursuant to the Court's holding in *Grosch* and the plain language of ORS 659.030(1)(g). In fact, none of the cases cited by Plaintiff support the proposition that a manager can be held liable under ORS 659A.030(1)(g) for simply being a manager. Indeed, many of the cases alleging a violation under ORS 659A.030 that are remanded in this District involve the "primary actor" doctrine. . *See Chambers v. United Rentals, Inc.* 2010 U.S. Dist. LEXIS 69291, 2010 WL 27030944 (D. Or. July 7, 2010); *Gaither v. John Q. Hammons Hotels Mgmt., LLC,* 2009 US Dist. LEXIS 130491 (D. Or. September 3, 2009); *Demont v. Starbucks Corp.,* 2010 U.S. Dist. LEXIS 132987, 2010 WL 5173304 (D. Or. December 15, 2010) These cases are distinguishable and reveal the flaw in plaintiff's argument because in each case the supervisor is alleged to have *carried out* the act of discrimination. That is simply not the case here. Given the lack of evidence in the record pertaining to Ms. Lowe, Ms. Lowe's presence should be disregarded for purposes of diversity jurisdiction.

### D.    Alternatively, this Court has Federal Question Jurisdiction Based on Plaintiff's Attempt to Recover Federal Income Taxes Erroneously Withheld.

Even if the Court concluded that Plaintiff stated a claim against Ms. Lowe, this court has original jurisdiction pursuant to 28 U.S.C. § 1441(a). Subject matter jurisdiction exists if the cause of action lies within "federal question" jurisdiction and, as such, is "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(b). Generally, a federal claim

must appear on the face of a well-pleaded complaint in order to confer federal question jurisdiction for removal under §1441.  *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995).  The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law creates the cause of action that may be initiated in or removed to federal district court." *Lippitt v. Raymond James Fin. Servs., Inc.* 340 F.3d 1033 (9th Cir. 2003).

Under the well-pleaded complaint rule, the Court's first task is to determine whether the plaintiff's complaint, on its face, "contains any allegations that would render his cause of action one that arises under federal law."  *Lippitt,* 340 F.3d at 1039-1040.  "If no claim arising under federal law appears on the face of the plaintiff's complaint, then the Court looks to see if the plaintiff has artfully pleaded a state law cause of action which necessarily arises under federal law." *Id.*  "A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." *McMaster v. Coca Cola Bottling Company*, 392 F. Supp. 2d 1107, 1111 (N.D. Cal. 2005). This artful pleading doctrine allows the court to re-characterize such artfully pleaded state law claims as federal claims." *Id.*

Recognizing the possibility that a federal question exists in this case, Plaintiff states he is not seeking the federal taxes erroneously withheld from his check, but is seeking unpaid wages for time worked, but not paid.  *Mtn.* at p. 3.  Plaintiff's attempt at artful pleading to recast this claim as a state law wage claim(s) should be rejected.  Plaintiff may not avoid removal jurisdiction by artfully casting what is essentially a federal law claim as a state law claim(s).  *Federated Dep't Stores, Inc. v. Wile*, 452 U.S. 394, 397 n.2 (1981).  Plaintiff's desire for the claim to be based on state law has no bearing on this Court's analysis.  *See Brennan v. Sw. Airlines Co.*, 134 F.3d 1405

1409 (9th Cir. 1998), *amended by Brennan v. Sw. Airlines*, 134 F.3d 1405 (9th Cir. 1998) ("It is well-established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds."); *Crouch v. Guardian Angel Nursing, Inc.*, 2009 U.S. Dist. LEXIS 103831 at *20 (M.D. Tenn. Nov. 4, 2009) ("Those few courts that have done so with any degree of depth have overwhelmingly come down on the side of preemption, regardless of whether the claims at issue are asserted directly under FICA or are framed as state-law claims to recover moneys owed directly to the plaintiffs by the defendant-employers as a result of their failure to pay their share of FICA taxes.")

The Supreme Court's decisions in *U.S. v. Clintwood Elkhorn Mining, Co.,* 553 U.S. 1 (2008) is instructive.  The *Clintwood Elkhorn* decision held that taxpayers seeking refunds of unlawfully assessed taxes must comply with the Code's refund scheme before bringing suit, including the requirement to file a timely administrative claim.   *Clintwood Elkhorn,* 553 U.S. at 8. Further, in *Umland v. Planco Financial Services,* 542 F.3d 59 (3rd Cir. 2008), the Third Circuit held that 26 USC § 7422 applies to any tax refund suit, whether or not labeled as such.  *Umland*, 542 F.3d at 67.  In *Umland,* the plaintiff alleged that Planco wrongfully deducted the employer's share of FICA taxes and asserted claims for breach of contract and unjust enrichment.  Relying on the language of Section 7422[8], the Court noted that the money sought by Umland was a "tax" and Umland was therefore required to seek a refund from the IRS. *Id.*  Reading *Clintwood Elkhorn* and *Umland* together, it is clear that Plaintiff's purported wage claims in this case are, in actuality,

---

[8]  Section 7422 of the Internal Revenue Code provides that "no suit or proceeding shall be maintained in any court for the recovery . . . of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . ." *See 26 USCS § 7422.*

federal tax refund claims that cannot be maintained against IBM or Seterus but also invoke the jurisdiction of this Court.

Likewise, the Ninth Circuit's decision in *Bright v. Bechtel Petroleum, Inc.* 780 F.2d 766 (9th Cir. 1986) also establishes that plaintiff's claims are federal in character and subject to this Court's jurisdiction.   In *Bright,* the plaintiff completed a W-4 withholding allowance form claiming a complete exemption from federal income tax.  The IRS disagreed and ordered Bechtel to withhold taxes.  Plaintiff sued Bechtel in state court alleging state law claims — specifically that Bechtel had breached his employment contract by "issuing to plaintiff paychecks that were in amounts less than contracted and agreed for." *Bright,* 780 F.2d at 768-69. Bechtel removed the case to federal court asserted that plaintiff's claim was an artfully pled tax refund.  The District Court agreed and dismissed the case based on the statutory bar expressed by 26 USC § 3403.[9]

The Kentucky District Court's decision in *Berera v. Mesa Medical Group, PLLC,* 2013 U.S. Dist. LEXIS 171989 (E.D.Ky., Dec 6, 2013) is also instructive.  In *Berera*, the plaintiffs filed suit asserting claims "on behalf of all current and former employees of MESA claiming defendant did not pay the full amount of wages and overtime compensation earned and a claim of negligence." *Id*. at *1-2.  Defendant removed the case and plaintiffs argued that the case should remain in state court.  *Id*. at *2.  The *Berera* court recognized that on occasion, the court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary

---

[9] Section 3403 of the Internal Revenue Code provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter [26 USCS §§ 3401 et seq.], and shall not be liable to any person for the amount of any such payment." *See 26 USCS § 3403*.

state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. at *4 *quoting Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). "Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Id. citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983).

Using the analysis set forth above, the *Berera* court concluded that the plaintiffs' claims amounted to a tax refund suit, giving the court federal question jurisdiction based on complete preemption.  The court relied upon 26 U.S.C. § 7422, and the Third Circuit decision in *Umland*, for the proposition that § 7422 preempted plaintiffs' claims.  *Id*. at *5.  The *Berera* court reasoned that the plaintiffs' claims were an attempt to recover FICA taxes that were wrongly withheld, but veiled as a state law cause of action.  *Id*. at *7 *citing Caterpillar, Inc. v. Williams*, 482 U.S.at 393. The court concluded that the amount alleged to be withheld was a federal tax and was preempted by operation of 26 U.S.C. § 7422.  *Id*.

Further, this Court reached a similar conclusion in *Fredrickson v. Starbucks,* 980 F. Supp.2d 1227 (D. Or. 2013) and denied remand in another artfully plead tax refund case.  In *Fredrickson*, the plaintiffs alleged that Starbucks violated Oregon law by withholding payroll taxes on imputed tip income.  Plaintiffs sought to avoid federal preemption by arguing (as here) that plaintiffs were not seeking a refund of the amounts withheld, but were seeking a statutory penalty provided by Oregon law pursuant to ORS 652.610.  *Fredrickson,* 980 F. Supp.2d at 18-19.  The Court analyzed multiple similar cases based on alleged erroneous tax withholdings and held, based on the reasoning in *Umland*, that the entire basis for the Plaintiffs' claims against Starbucks is the

**Jackson Lewis P.C.**
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

company's method for estimating tip income and withholding taxes.  Thus, the Court concluded, "even though plaintiffs do not expressly pray for a refund of wrongfully-withheld taxes, this nevertheless is a tax refund suit." *Id. at 36.* *"*As a result, the plaintiffs' exclusive remedy is to seek a refund from the IRS, which, in turn, can then seek to recover from Starbucks." *Id.* Accordingly, the Court held that all claims based on the alleged wrongful withholding of taxes are preempted by federal law.

In another recent case, *Marshall v. Pollin Hotels II, LLC*, Judge Hernandez granted summary judgment to defendant and held that the plaintiff's unlawful wage deduction claim was preempted by federal law because it was based on deductions for Social Security and Medicare taxes.  The Court followed the rationale previously set forth in *Fredrickson* and focused on section 7422 of the Internal Revenue Code, which prohibits suits for the recovery of any sum wrongfully collected.  Judge Hernandez further noted that as in *Fredrickson* and *Brennan*, the plaintiff's "unlawful wage deductions claim falls squarely within section 7422(a)'s definition of a tax refund suit and is therefore preempted, to the extent the claim is based on tax withholdings." *Marshall v. Pollin Hotels II, LLC*, 170 F. Supp. 3d 1290 (D. Or. 2016).

The reasoning of the courts in *Fredrickson, Marshall,* and *Berera* outlined at length above is clearly applicable to this matter and the same rationale and holding should be applied herein. Dressing up claims against a tax collector to recover overpaid taxes as an alleged breach of a state law is precisely the type of "artful pleading" that courts, including this Court, have consistently rejected.  *See Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766 (9th Cir. 1986) (breach of contract claim based on improper tax withholdings preempted by federal law under well pled complaint rule); *Umland*, 542 F.3d 66 (plaintiff's breach of contact claim attempts to use state common law

to circumvent the absence of a private right of action under FICA); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 9 (2008) (Section 7422 preemption applies to refund suits "whatever the source of the cause of action."). Plaintiff's first, second, and fourth claims are without question specifically preempted by Congress and to hold otherwise would contradict the intentions of Congress with regard to FICA tax refund claims. This is a federal claim, from its inception, and it must remain with this Court.

**E.    Plaintiff's Request for Attorney's Fees Should Be Denied Because Defendants' Had an Objectively Reasonable Basis for Removing this Case to Federal Court.**

Plaintiff's request for attorney's fees and costs should be denied. Although a court may award attorney fees when removal is wrong as a matter of law, the court has discretion to award fees. *See* 28 USC 1447 (c); *Ansley v. Ameriquest Mortg. Co.,* 340 F.3d 858, 864 (9th Cir. 2003). Further, there is no presumption for or against awarding fees. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 138 (2005). The Supreme Court has advised that the standard for awarding fees should turn on the reasonable of the removal. "Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 140-141.

For the reasons discussed above, Plaintiff's request for attorney's fees should be denied. The undisputed facts in the record show that Plaintiff has failed to state a cause of action for aiding and abetting a violation of Chapter 659A against Ms. Lowe and that failure is obvious where Plaintiff's sole basis for naming Ms. Lowe is that she is a manager and her lack of leadership allowed wage and hour abuses to continue. Further, this Court has subject matter jurisdiction over Plaintiff's first, second, and fourth claim for relief under the well-plead complaint rule. Even if

the Court concluded that removal was improper, Defendants had an objectively reasonable basis for removing this case to federal court and Plaintiff's request for attorney's fees should be denied.

## IV.    CONCLUSION

As discussed in detail above, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand for two reasons.  First, Plaintiff has failed to state a plausible claim against Ms. Lowe for aiding and abetting a violation of ORS Chapter 659A.  Ms. Lowe's alleged "lack of leadership" and knowledge of Plaintiff's working conditions is insufficient to establish a violation of the aiding and abetting statute.  Moreover, Oregon law does not recognize a claim for aiding or abetting wage and hour violations covered by ORS Chapter 652 or 653.  As such, there are no facts and no evidence suggesting that Ms. Lowe took any steps to further discrimination or retaliation towards Plaintiff.  Second, the first, second, and fourth claims for relief are based on Plaintiff's allegation that IBM withheld too much in federal taxes from his November 15, 2016, payroll check. Based on the well-pleaded complaint rule, Plaintiff cannot artfully plead what is, in essence, a federal claim to avoid this Court's jurisdiction.  Thus, even if the Court concluded that Ms. Lowe is a proper defendant, this Court has subject matter jurisdiction and removal was proper.

DATED: November 7, 2017.

JACKSON LEWIS P.C.

By: s/ *April Upchurch Fredrickson*
    April Upchurch Fredrickson, OSB #132027
    april.fredrickson@jacksonlewis.com
    Daniel J. Moses, OSB #151935
    daniel.moses@jacksonlewis.com

Of Attorneys for Defendants

## DECLARATION OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND** via:

- ☐ Electronic Mail
- ☐ U.S. Postal Service
- ■ CM/ECF
- ☐ Facsimile Service
- ☐ Hand Delivery
- ☐ Overnight Deliver (UPS)

Service was accomplished at the parties' email addresses as recorded on the date of service in the eFiling system.

Banafsheh Violet Nazari
Nazari Law
319 SW Washington St. Ste. 301
Portland, OR 97204
violet@nazarilaw.com

William E. Smith
The Smith Law Office, P.C.
7945 SW Mohawk St.
Tualatin, OR  97062
william@thesmithlo.com

*Attorneys for Plaintiff*

DATED this 7th day of November, 2017.

By:  s/ *Sherry Rainey*_____
Sherry Rainey

4844-3708-6292, v. 1

**Jackson Lewis P.C.**
200 SW Market Street, Suite 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)