IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEITH VALLEY**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERNATIONAL BUSINESS MACHINE CORPORATION (dba IBM, INC.), a New York corporation, SETERUS, INC., (fka KYANITE FINANCIAL BUSINESS SERVICES, INC.), a Delaware corporation**, **and AMANDA LOWE, an individual.** <br><br> Defendants. | Case No. 3:17-cv-1413-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Acosta issued Findings and Recommendation (F&R) in this case on March 14, 2018. ECF 31. Judge Acosta recommended that Plaintiff's motion for remand and request for attorney fees and costs be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 31) to which Defendant responded. ECF 33. Plaintiff objects to the portion of Judge Acosta's recommendation finding that Plaintiff had fraudulently joined Defendant Amanda Lowe ("Lowe") and that Lowe should therefore be disregarded for jurisdictional purposes. Plaintiff also objects to Judge Acosta's alternate finding that subject matter jurisdiction exists because Plaintiff's claim for the recovery of wrongfully withheld taxes raises a substantial issue of federal law.

Plaintiff argues that Judge Acosta improperly applied a motion to dismiss standard in his fraudulent joinder analysis. Plaintiff further argues that this Court should follow the example of *Chambers v. United Rentals, Inc.*, in which a court in this district held that a non-diverse defendant had not been fraudulently joined, despite the plaintiff having made arguably even

fewer allegations against that defendant than Plaintiff has made against Lowe in this case. 2010 WL 2730944 at *2 (D. Or. July 7, 2010).

Judge Acosta stated and applied the correct legal standard for a fraudulent joinder analysis. As the Ninth Circuit explained in *Morris v. Princess Cruises, Inc.*:

> Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.

236 F.3d 1061, 1067 (9th Cir. 2001). Although Judge Acosta cited an opinion that ruled on a motion to dismiss, in his fraudulent joinder analysis, he did so only to identify the elements of aider or abettor liability under ORS § 659.030(1)(g). Judge Acosta cited and applied the correct rule from *Morris*, and correctly identified the "Defendants' heavy burden" in showing that Lowe was fraudulently joined.

The Court has reviewed the *Chambers* opinion, most of which is not applicable to this case, and agrees with Judge Acosta's thorough analysis. The court in *Chambers* noted that "[w]hether plaintiff's factual allegations are sufficient is a question properly addressed by the Oregon courts." 2010 WL 2730944 at *2. This is not entirely correct—the district court must consider the sufficiency of a claim when determining whether a party has been fraudulently joined for jurisdictional purposes, although the standard is different from that of a motion to dismiss. Judge Acosta appropriately analyzed whether Lowe had been fraudulently joined, by "consider[ing] whether [Plaintiff]'s allegations and the evidence offered by the parties, viewed in a light most favorable to [Plaintiff], and taking into account Defendants' heavy burden and the lack of settled state law in this area, state a claim against Lowe." *See also Ekeya v. shriners Hospital for Children, Portland*, 258 f. sup. 3d 1192, 1195-96 (D. Or. July 10, 2017).

Plaintiff argues that Oregon law for aiding or abetting discrimination or retaliation in violation of ORS § 659.030(1)(g) is too unsettled for the Court to determine that Lowe was fraudulently joined. Although Judge Acosta and other courts in this district have noted an absence of Oregon state case law analyzing a claim for aider or abettor liability under ORS § 659.030(1)(g), such an absence does not mean that certain rules for liability are not settled. In *Hernandez v. FedEx Freight, Inc.*, a court in this district used Oregon tort law principles relating to "aiding and assisting" theories of tort liability to determine that liability under ORS § 659.030(1)(g) "requires at a minimum that the aiding party intended that the complainant be discriminated or retaliated against, or understand that he was aiding in acts of discrimination or retaliation." 2017 WL 3120283 at *2 (D. Or. June 12, 2017). Moreover, the plain text of the statute makes clear that Plaintiff must allege some act on the part of Defendant Lowe that can be characterized as an act "to aid, abet, incite, compel or coerce" retaliation or discrimination. That no party has identified, and the Court has not found, any Oregon state court appellate decision that arrives at these same basic rules for liability under ORS § 659.030(1)(g) does not mean that the rules are unsettled, given that they are grounded in well-established Oregon tort principles and the plain text of the statute.

Accepting as true that Lowe had some managerial authority over Plaintiff, and that "Plaintiff's self-advocacy did not endear him to management," Plaintiffs allegations against Lowe are nevertheless insufficient to state a claim for a violation of ORS § 659.030(1)(g). Plaintiff's general allegation that his complaint about his excessive tax withholding angered management, even assuming that Lowe is included in the term "management," is insufficient to show that Lowe intended or even knew that Plaintiff was fired in retaliation for his complaint. More importantly, as Judge Acosta noted, Plaintiff "does not identify the individual who fired

him, the parties involved in the decision-making process, or Lowe's involvement in such process." Plaintiff alleges no actions at all by Lowe that could reasonably be construed as acts that "aid, abet, incite, compel or coerce" Plaintiff's eventual firing. The only "acts" that Plaintiff attributes to Lowe are Lowe's alleged knowledge of Plaintiff's payroll issue and Lowe's "lack of response and leadership" in response to Plaintiff's payroll complaint, which do not support a claim for liability under § 659.030(1)(g). The absence of allegations sufficient to show that Lowe intended to aid in retaliation against Plaintiff, or even that Lowe acted in any way that was related to Plaintiff's firing, results in Plaintiff failing to state a claim under ORS § 659.030(1)(g).

Because Lowe was fraudulently joined, her citizenship should be disregarded for jurisdictional purposes. The parties are thus completely diverse and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. As such, it is not necessary to determine whether there is subject matter jurisdiction under 28 U.S.C. § 1331, and the Court declines to adopt the portion of the F&R finding that Plaintiff's complaint also raises a federal question.

Accordingly, the Court **ADOPTS** Judge Acosta's Findings and Recommendation (ECF 29) in part, as described herein. Plaintiff's motion to remand, and his request for attorney fees (ECF 12) are DENIED.

**IT IS SO ORDERED.**

DATED this 1st day of May 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge